IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Werclain Lopez-Cruz,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　Respondents. | No. CV-25-03566-PHX-DJH (ASB)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and Complaint for Injunctive and Declaratory Relief and a Motion for Temporary Restraining Order and Preliminary Injunction challenging his immigration detention.[1] (Docs. 1, 6.) In its October 20, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. The OSC is fully briefed. (Docs. 13-14.) The Petition is granted and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.　Background**

Petitioner is a citizen of Mexico who has lived in the United States for approximately twelve years. (Doc. 1 at ¶ 18; Doc. 1-1 at 28.) On September 10, 2020, Petitioner was previously ordered released from custody upon the posting of a $30,000 bond. (Doc. 1, Ex. 17.) It is unclear when Petitioner was redetained, but his request for custody redetermination was denied on August 26, 2025. (Doc. 1-1 at 2.) The Immigration

---

[1] Petitioner paid the filing fee for a habeas corpus action.

1  Judge denied the request on the basis that he lacked jurisdiction to grant Petitioner bond
2  because the Department of Homeland Security (DHS) classified him as being detained
3  under § 1225(b)(2)(A) and therefore subject to mandatory detention. (*Id.* ¶ 12; Doc. 1-2 at
4  4-5.) The Immigration Judge's ruling follows a recent Board of Immigration Appeals
5  decision in *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025). Under *Matter of Yajure*
6  *Hurtado*, noncitizens present without admission are now subject to mandatory detention
7  under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a),
8  because, under 8 U.S.C. § 1225(a)(1), they are now deemed "applicant[s] for admission."

9  Petitioner filed his Petition challenging his detention as violative of his substantive
10 and procedural due process rights. (Doc. 1 at 14-15.) Petitioner requests release from
11 custody or an order directing Respondents to provide him a bond hearing.

12 **II.   Analysis**

13 Respondents maintain Petitioner is subject to mandatory detention under "the plain
14 text" of 8 U.S.C. § 1225(b)(2)(A) asserting that he is an "applicant for admission" because
15 he is "alien present in the United States who has not been admitted or who arrives in the
16 United States." (Doc. 13 at 10.) But Petitioner was placed in removal proceedings under
17 section 212(a)(6)(A)(i) of the Immigration and Nationality Act as "[a]n alien present in the
18 United States without having been admitted or paroled," **and not as** "an arriving alien" and
19 applicant for admission under 8 U.S.C. § 1225(b).[2] (Doc. 13 at 2; Doc. 1-1 at 65.) For this
20 reason alone, Petitioner is entitled to the relief he seeks.

21 Respondents urge this Court not to follow the recent decision in *Echevarria v.*
22 *Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October
23 3, 2025), which granted a § 2241 petition on the basis that the petitioner, who had been
24 present in the United States for years, was not an applicant for admission under §
25 1225(b)(2)(A) or subject to mandatory detention. Therein, the court specifically noted that
26 "[g]iven that an immigrant submits an 'application for admission' at a distinct point in
27 time, stretching the phrase 'at the time of application for admission' to refer to a period of

---

[2] Respondents provide no evidence to support their Response.

years would push the statutory text beyond its breaking point." *Id.* at *6. The court concluded that—in accord with numerous other courts addressing the same issue— "Respondents' narrow focus on the language of § 1225(a)(1) fails to take account of the entirety of the statutory scheme[]" and recent Supreme Court guidance. *Id.* at *9. Despite the citation to *Vargas Lopez v. Trump, et al.*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025) and *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025), the Court notes that, in contrast, dozens of other district courts have concluded individuals like Petitioner are subject to § 1226 and not § 1225 and, therefore, are not subject to mandatory detention.[3] This Court agrees with this conclusion.

---

[3] Dozens of other district courts in recent weeks have held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention. *See, e.g.*, *Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, No. 1:25-cv-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, No. 1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y. Aug. 8, 2025); *Rosado v. Figueroa*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted sub nom. Rocha Rosado v. Figueroa*, 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Aguilar Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW-DFM, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 1:25-cv-06373-DEH, 2025 WL 2398831 (S.D.N.Y. Aug. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Otero Escalante v. Bondi*, No. 25-cv-3051-ECT-DJF, --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 3:25-cv-02180-DMS-MMP, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-cv-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Jimenez v. Berlin*, --- F. Supp. 3d ---, 2025 WL 2639390, at *10 (D. Mass. Sept. 8, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546-RJW-APP, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Palma Perez v. Berg*, No. 8:25-cv-00494-JFB-RCC, 2025 WL 2531566 (D. Neb. Sept. 3, 2025); *Reynosa Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271 (D. Neb. Aug. 4, 2025); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Hernandez Marcelo v. Trump*, No. 3:25-CV-00094-RGE-WPK, 2025 WL 2741230 (S.D. Iowa Sept. 10, 2025); *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025); *Silva v. Larose*, No. 25-cv-2329-JES-KSC, 2025 WL 2770639 (S.D. Cal. Sep. 29, 2025); *Chang Barrios v. Shepley*, No. 1:25-cv-00406-JAW, 2025 WL 2772579 (D. Me. Sep. 29, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBS, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

For these reasons, the Petition is granted, and Petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).[4]

Accordingly,

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his Second Claim for Relief.  The Petition is otherwise denied without prejudice as moot.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or otherwise release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a Notice of Compliance within **three days** of releasing Petitioner or providing him a bond hearing.

4. The Clerk shall enter judgment in Petitioner's favor and close this case.

Dated this 3rd day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[4] Because the Court grants relief under Petitioner's Second Claim for Relief, it will deny the remainder of the Petition as moot.